United States District Court
District of Massachusetts

_____ )
UNITED STATES OF AMERICA,        )
                                 )
          v.                     )
                                 )     Criminal No.
MOHAMMED ABDUL RASHEED QURAISHI, )     04-10345-NMG
MOHAMMED ABDUL QAYIUM QURAISHI,  )
and MOHAMMED ABDUL AZIZ QURAISHI )
                                 )
          Defendants.            )
_____ )

**MEMORANDUM & ORDER**

**GORTON, J.**

The Court has been called upon to resolve a contentious dispute with respect to the temporary release of two incarcerated defendants. Pursuant to that release, those defendants were transported from their place of incarceration in Texas to Massachusetts for the purpose of visiting with their terminally ill mother. The government has now moved that the defendants be required to reimburse it for expenses incurred as a result of the escorting services provided by the United States Marshal and the Bureau of Prisons ("BOP") in connection with that trip.

I.  **Background**

On March 30, 2007, this Court sentenced both Mohammed Abdul Aziz Quraishi ("Aziz") and Mohammed Abdul Qayium Quraishi ("Farees") (collectively, "the defendants") to 10 months in BOP

-1-

custody followed by 24 months of supervised release.  After
having complied with the conditions of pretrial release for 30
months, Aziz and Farees self-surrendered to a prison in Big
Spring, Texas to which the BOP had assigned them.  On December
28, 2007 Aziz and Farees moved in this Court for early release
or, in the alternative, for temporary release in order to visit
their dying mother.  The government initially assented to a
temporary release but opposed an early release.  On the day the
motion was filed, this Court allowed the motion for a temporary
release by endorsing it as follows:

> Emergency motion for early release is DENIED; emergency
> motion for temporary release is ALLOWED for a period
> not to exceed four(4) days and provided that, upon
> temporary release from Bureau of Prisons custody,
> defendants shall, at their own expense, proceed
> forthwith to Massachusetts and return to the designated
> Bureau of Prisons facility within the allotted time of
> release

("the December 28 Order").

The BOP did not comply with the December 28 Order to release
the defendants and, whereupon, on January 3, 2008, the defendants
filed a Motion to Compel Enforcement of this Court's Order and
for Contempt.  In the absence of this judicial officer, United
States District Judge Mark L. Wolf held a hearing on the motion
that same day.  After the BOP failed to comply with the December
28 Order within the following 24 hours, Judge Wolf found the BOP
in contempt, ordered it to transport the defendants to
Massachusetts and framed other details of the trip.  The BOP then

transported the defendants to Massachusetts, supervised their visitations and, ultimately, returned them to their Texas prison. Upon their return, the defendants reimbursed the BOP for the defendants' "travel costs". The BOP now seeks reimbursement for all additional expenses it incurred in connection with the defendants' visit with their mother.

## II.  **Government's Motion for Order to Refund Expenses (Docket No. 164)**

The government fails to present a persuasive argument for reimbursement. Although it is true that the BOP eventually enabled the defendants to visit their dying mother and that the decision of the BOP to maintain custody over the defendants may not have been unreasonable in retrospect, the fact remains that the government incurred the expenses it seeks to recover solely as a consequence of its violation of the December 28 Order.

As the defendants point out in their opposition to the government's motion, the December 28 Order allowed defendants' motion for temporary <u>release</u> to which the government originally assented. The BOP subsequently attempted to rescind the government's assent, failed to comply with the Court order and even failed to take appropriate steps to request modification of that order. Instead, the defendants were compelled to return to court to seek compliance with the December 28 Order and thereby incurred additional fees and expenses. The defendants have

-3-

reimbursed the BOP for their travel costs and, in accordance with the December 28 Order, they will not be required to bear additional expenses.

### ORDER

In accordance with the foregoing, the government's Motion for Order to Refund Expenses (Docket No. 164) is **DENIED.**

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 5, 2008